UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL GRAY,<br>Booking #16113441,<br>　　　　　　　　　Plaintiff,<br>vs.<br>ARMIN VIANZON, JR.; JOSE JIMENEZ; JUAN ANDRADE; CRYSTAL VENTURE; WILLIAM D. GORE; HELEN ROBBINS-MEYER; JESSICA PAUGH,<br>　　　　　　　　　Defendants. | Case No.: 3:16-cv-2978-DMS-JMA<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 11]**<br><br>**2) DENYING MOTION FOR APPOINTMENT OF COUNSEL [ECF No. 15]**<br><br>**AND**<br><br>**3) DISMISSING CLAIMS FOR PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

　　　Daryl Gray ("Plaintiff"), currently incarcerated at the San Diego Central Jail ("SDCJ") in San Diego, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff has also filed a Motion for Appointment of Counsel (ECF No. 15), a "Motion for Sanctions for Being Denied Access to Court" (ECF No. 6), a "Motion to Add Defendant(s) to Complaint" (ECF No.

1

10), a "Motion Requesting Leave to File Amended Complaint and Motion for Leave to Proceed In Forma Pauperis" (ECF No. 17), as well as a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 11).

In addition, before the Court could conduct the required sua sponte screening, Plaintiff filed a First Amended Complaint ("FAC") which is now the operative pleading. (ECF No. 13.)

## I.  Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a prison certificate authorized by a SDCJ administrative sergeant attesting to his trust account activity. *See* ECF No. 17 at 2; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. This statement shows that Plaintiff's current available balance is only $1.61. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 11), declines to "exact" any initial filing fee because his trust account statement shows he "has no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Watch Commander at SDCJ to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

/ / /

/ / /

/ / /

## II. Motion to Appoint Counsel

Plaintiff seeks appointment of counsel to assist him in this matter. (ECF No. 15.) However, there is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). While under 28 U.S.C. § 1915(e)(1), district courts have some limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion is rarely exercised and only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103, quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Applying these factors to Plaintiff's case, the Court **DENIES** his Motion to Appoint Counsel because a liberal construction of his original pleadings shows he is capable of articulating the factual basis for his claims. All documents filed by pro se litigants are construed liberally, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, FED. R. CIV. P. 8(e) requires that "[p]leadings . . . be construed so as to do justice."

The pleadings filed by Plaintiff to date demonstrate that while Plaintiff may not be a trained in law, he is capable of legibly articulating the facts and circumstances relevant to his claims, which are typical, straightforward, and not legally "complex." *Agyeman*, 390 F.3d at 1103. Therefore, neither the interests of justice nor any exceptional circumstances warrant the appointment of counsel in this case at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

/ / /

/ / /

/ / /

**III.    Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

    **A.    Standard of Review**

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

### B. Plaintiff's Allegations

On October 28, 2016, Plaintiff claims that four San Diego County Sheriff Deputies "pulled up to me and my girlfriend" in their patrol cars, drew their weapons and ordered Plaintiff and his girlfriend to get down on the ground. (FAC at 3.) Plaintiff claims they complied but the Deputies "jumped on my back and neck" which caused Plaintiff to "pass out." (*Id.*) Plaintiff alleges that he "woke in the back seat of the police car in serious pain" but when he was taken to the County Jail he alleges that he was denied adequate medical care. (*Id.*)

Approximately two weeks later, on November 17, 2016, Plaintiff had a preliminary hearing based on criminal charges brought by Deputy District Attorney Jessica Paugh. (*See id.* at *4.*) Plaintiff claims he is being "maliciously prosecuted" by Defendant Paugh whom he claims is "racially motivated." (*Id.*) Finally, Plaintiff claims that Defendants William Gore and Helen Robbins-Meyer are liable for "ethical misconduct" in their supervisory capacity. (*Id.* at 5.)

Plaintiff seeks 10.5 million in compensatory damages and 5.6 million in punitive damages, as well as injunctive relief. (*Id.* at 7.)

### C. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

///
///

### D. Criminal Proceedings – Law Enforcement Defendants

First, to the extent Plaintiff seeks damages against law enforcement officials and claims they falsely arrested and "maliciously prosecuted" him, he may not pursue those claims in a civil rights action pursuant to 42 U.S.C. § 1983, without first showing those convictions have already been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In *Heck,* the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87.

"Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003), *quoting Preiser v. Rodriguez*, 411 U.S. 475, 489-99 (1973) (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to "attack the validity of his confinement" in federal court).

Because Plaintiff seeks damages based on an arrest and criminal charges he claims are "false," his claims amount to an attack on the validity of his underlying criminal conviction, and may not proceed pursuant to § 1983, unless his conviction has already been invalidated. *Heck*, 512 U.S. at 486-87; *Ramirez*, 334 F.3d at 855-56 ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no

cause of action under § 1983.'"), *quoting Heck*, 512 U.S. at 489.  In other words, were Plaintiff to succeed in showing that Defendants conspired to wrongfully convict him, an award of damages would "necessarily imply the invalidity" of his conviction and/or sentence. *Heck*, 512 U.S. at 487; *see also Guerrero v. Gates*, 442 F.3d 697, 701 (9th Cir. 2006) (finding § 1983 action stemming from allegations of wrongful arrest, malicious prosecution, and a general conspiracy of "bad behavior" among officials in connection with the plaintiff's arrest, prosecution, and incarceration were barred by *Heck*).

### E.   Judicial and Prosecutorial Immunity

Second, to the extent Plaintiff seeks damages against Deputy District Attorney Paugh for prosecuting Plaintiff on criminal charges, she is entitled to absolute prosecutorial immunity. *Ashelman v. Pope*, 793 F.2d 1072, 1077 (9th Cir. 1986) ("Where a prosecutor acts as an advocate 'in initiating a prosecution and in presenting the state's case,' absolute immunity applies." (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 912 (9th Cir. 2012) ("Prosecutors performing their official prosecutorial functions are entitled to absolute immunity against constitutional torts.").

### F.   Causation

Plaintiff fails to state a claim upon which § 1983 relief can be granted because he sets forth no individualized allegations of wrongdoing by Sheriff Gore or Helen Robbins-Meyer, and instead seeks to hold them vicariously liable for the actions of individual deputies.  *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits," Plaintiff "must plead that each Government-official defendant, though the official's own individual actions, has violated the Constitution.")

Plaintiff's FAC contains no factual allegations describing what Defendant Sheriff Gore or Robbins-Meyer knew, did, or failed to do, with regard to Plaintiff's needs. *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim.")  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant

8

3:16-cv-2978-DMS-JMA

whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988), citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986).

Thus, without some specific "factual content" that might allow the Court to "draw the reasonable inference" that Sheriff Gore or Robbins-Meyer may be held personally liable for any unconstitutional conduct directed at Plaintiff, the Court finds his FAC, as currently pleaded, contains allegations which *Iqbal* makes clear fail to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 568.

### G. Excessive Force claims

As to the excessive for claims brought against Defendants Vianzon, Ventura and Andrade, the Court finds Plaintiff's claims sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012; *Iqbal*, 556 U.S. at 678.

## IV. Motion for Sanctions

Plaintiff also has filed a "Request for Sanctions" in which he claims that he is being "denied 'access to court' by County Sheriff Employees." (ECF No. 6 at 1.) While it is not clear what relief Plaintiff is seeking, it appears that he claims he has had difficulty in obtaining his inmate trust account statement. (*Id.*) However, Plaintiff has now submitted his inmate trust account statement to the Court, *see* ECF No. 17 at 2, and thus, Plaintiff's request is moot.

## V. Leave to Amend

Because the Court has determined that some of Plaintiff's claims survive the sua sponte screening process, the Court will give Plaintiff the opportunity to either: (1) notify the Court of the intent to proceed with his excessive force claims against the named Defendants; or (2) file an amended pleading correcting all the deficiencies of pleading identified by the Court in this Order. Plaintiff must choose one of these options within forty-five (45) days from the date this Order is filed. If Plaintiff chooses to

proceed as to his excessive force claims only, the Court will issue an Order directing the U.S. Marshal to effect service of his FAC and dismiss the remaining claims and defendants.

**VI.    Conclusion and Order**

For all the reasons explained the Court:

1.    **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 11).

2.    **DIRECTS** the Watch Commander of GBDF, or his designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.    **DIRECTS** the Clerk of the Court to serve a copy of this Order on the Watch Commander, San Diego Central Jail, 1173 Front Street, San Diego, California, 92158.

4.    **DENIES** Motion to Appoint Counsel (ECF No. 15.)

5.    **DENIES** Plaintiff's Motion for Sanctions, Motion to Add Defendants, and Motion Requesting Leave to File Amended Complaint and Motion for Leave to Proceed IFP (ECF Nos. 6, 10, 17) as moot.

5.    **DISMISSES** Plaintiff's claims against William Gore and Helen Robbins-Meyer for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

6.    **DISMISSES** Plaintiff's claims against Jessica Paugh for seeking monetary damages against an immune defendant pursuant to 28 U.S.C. § 1915(e)(2) and §1915A(b).

7.    **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to either:  (1) Notify the Court of the intention to proceed with excessive force claims only; or (2) File an Amended Complaint which cures all the deficiencies of

pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey*, 693 F.3d at 928 (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to choose either option within the time provided, this civil action will remain dismissed without prejudice based on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

8.  The Clerk of Court is directed to mail Plaintiff a court approved form civil rights complaint.

**IT IS SO ORDERED**.

Dated: March 1, 2017

Hon. Dana M. Sabraw
United States District Judge